

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-7-2003

# Cuffari v. S B Power Tool Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3763

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Cuffari v. S B Power Tool Co" (2003). *2003 Decisions.* Paper 127.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/127

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 02-3763

RUDOLPH CUFFARI, and
AMARYLIS CUFFARI,

Appellants
v.

S-B POWER TOOL COMPANY, and/or
SKIL CORPORATION;
JOHN DOE I-X (fictitious Designations);
JOHN DOE XI-XX, and/or ABC CORPORATION XI-XX

Appeal from the United States District Court
for the District of New Jersey
(Civil Action No. 00-4679)
District Court: Hon. Joseph Rodriguez

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 18, 2003

Before: McKEE and SMITH, <u>Circuit Judges</u>,
and SCHILLER, <u>District Judge</u>[*].

(OPINION Filed November 7, 2003)

McKEE, <u>Circuit Judge</u>.

In this appeal, Rudolph and Amarylis Cuffari argue that the district court abused

its discretion by granting S-B Power Tool Company's (SBPT) motion *in limine* to exclude

_____

[*]The Honorable Berle M. Schiller, United States District Judge, Eastern District of
Pennsylvania, sitting by designation.

plaintiffs' expert testimony that the circular saw at issue was defectively designed because it was not equipped with an electric brake. For the reasons that follow, we will affirm.

## I.

Because we write only for the parties, it is not necessary to recite the facts of this case in detail. It is sufficient to note that Rudolph Cuffari and his wife, Amarylis Cuffari, filed a complaint against SBPT as a result of a serious injury Mr. Cuffari suffered while using a circular saw manufactured by SBPT. The Cuffaris retained an expert, Louis E. Howarth, who was to testify that the saw was defectively designed and that the defects included lack of an electric brake. The district court granted SBPT's motion to exclude that testimony. As a result, plaintiffs elected not to proceed to trial, and the district court entered a Consent Order for Final Judgment. This appeal followed.

## II.

As noted, Mr. and Mrs. Cuffari raise only one issue in this appeal. That is, whether the district court abused its discretion by excluding plaintiffs' proffered expert testimony.[1]

---

[1] We review the district court's ruling on admissibility of expert testimony for abuse of discretion. *In re Paoli R.R. PCB Litig.*, 35 F.3d 717, 749 (3d Cir. 1994).

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Supreme Court interpreted Rule 702 in the well known case of *Daubert v. Merrell Dow*, 509 U.S. 579, 590 (1993). The Court held that Rule 702 establishes a standard of evidentiary reliability requiring courts to first focus on whether the expert's scientific principles and methodology are based on "good grounds." *Id*. at 590. The Court then listed some factors a court may consider to determine the reliability of an expert's methodology. These include: (1) whether the expert's methodology has been tested; (2) whether it's been subject to peer review; (3) the method's rate of error; (4) the existence of standards or controls; and (5) whether the methodology is generally accepted in its field. *Id.* at 593-595. *Daubert* applies not only to "scientific" knowledge, but also to testimony based on "technical" and other "specialized" knowledge. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).

We have held that a district court should also consider (1) the relationship of the expert's technique to methods which have been established to be reliable; (2) the

qualifications of the expert witness; and (3) the non-judicial uses to which the method has been put. *Oddi v. Ford Motor Co.*, 234 F.3d 136, 145 (3d Cir. 2000). In short, trial courts should determine whether the expert's conclusion or opinion is based on valid reasoning and reliable methodology. *Id.* at 146. Here, the plaintiffs' expert was qualified to offer an expert opinion, but he did not base his opinion regarding the absence of an electric brake on reliable methodology.

Howarth was questioned about the process he used to form his opinion. He explained that years ago he performed tests on several different types of circular saws by starting the saw and timing how long it took for the blade to stop after releasing the trigger. Howarth Depo. at 37. However, Howarth no longer has any record of these tests. Howarth Depo. at 44. Thus, as the district court concluded, Howarth's opinion that saws without electric brakes are defective is based only upon his prior, undocumented tests in which he ran various saws at full speed and then used a stopwatch to measure the coasting time of the blade. This methodology is questionable at best.

Moreover, his opinion is further undermined by his failure to conduct any cost-benefit analysis in concluding whether the electric brake design was practical. It does not follow that just because electric brakes may shorten the coasting time of the saw blade, any saw without an electric brake is defectively designed. A cost-benefit analysis should have been conducted to determine whether an electric brake is practical. Howarth also

**4**

failed to consider whether there are any negative safety implications mitigating against using the electric brake; yet, he stated that there were none. He based his opinion concerning the absence of negative safety implications on the fact his periodic review of literature in the field has not disclosed any, his personal use of a saw, any conversations he has had with professional associations and carpenters who use circular saws. As the district court concluded, this is far from a scientific method. Rather, it is merely a random survey of a sample that does not even purport to be representative of the population that uses such saws.

Accordingly, Howarth's opinion regarding the absence of an electric brake is highly speculative, and without sufficient scientific foundation or practicality and falls short of the *Daubert* standards of reliability. Therefore, we hold that the district court did not abuse its discretion by granting SBPT's motion to exclude Howarth's testimony.

### III.

For all of the above reasons, will affirm the district court's Consent Order for Final Judgment.

TO THE CLERK OF THE COURT:

Please file the foregoing Opinion.

<u>/s/ Theodore A. McKee,</u>
Circuit Judge